IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH V. AWE,

                                         ORDER

            Petitioner,

                                        07-C-603-C

     v.

WISCONSIN DEPARTMENT
OF CORRECTIONS, PROGRAM
REVIEW COMMITTEE (KUHN,
SAWALL, HARTER and
MONFILS,)

           Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Kenneth Awe, a prisoner at the Redgranite Correctional Institution in Redgranite, Wisconsin, has filed a proposed complaint and a request for leave to proceed <u>in forma pauperis</u>. The request will be denied, because petitioner does not qualify for <u>in forma pauperis</u> status under 28 U.S.C. § 1915(g).

      Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

1

      granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, petitioner has brought actions that were dismissed because they were legally frivolous. See <u>Awe v. Grant County Jail Sheriff</u>, 06-C-0034-C, decided March 3, 2006; <u>Awe v. Grant County Jail</u>, 06-C-162-C, decided May 1, 2006; and <u>Awe v. St. Louis Psychiatric Rehabilitation Center</u>, 06-CV-644 (E.D. of Mo.), decided July 24, 2006.

      Moreover, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, petitioner alleges that respondents denied him eligibility to participate in the Challenge Incarceration Program and Earned Release Program because of his mental health classification.

      In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003) (citing <u>Lewis v. Sullivan</u>, 279 F.3d 526, 529 (7th Cir. 2002) and <u>Heimermann v. Litscher</u>, 337 F.3d 781 (7th Cir. 2003)). Claims of physical injury ordinarily arise in the context of lawsuits alleging Eighth Amendment violations. I cannot infer from petitioner's complaint that he is in any

2

physical danger because respondents have not allowed him to attend an early release program at the prison. Petitioner's primary goal in attending the program is to reduce his sentence. Because of the nature of the program and petitioner's intended goal upon completion, I cannot find that petitioner's current allegations meet the requirements for a finding of imminent danger. Accordingly, petitioner's complaint is not a complaint requiring application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than November 15, 2007. If he does this, however, petitioner should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If petitioner does not pay the $350 filing fee by November 15, 2007, I will consider that he does not want to pursue this action. In that event, the clerk of court is directed to close this file. However, even if the file is closed, petitioner will still owe the $350 filing fee and he must pay it immediately. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997). Therefore, I will be required to advise the warden of the Redgranite Correctional

3

Institution of petitioner's obligation to pay the fee so that it can be collected and sent to the court in accordance with 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until November 15, 2007, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by November 15, 2007, petitioner fails to pay the fee, the clerk of court is directed to close this file. However, even in that event, the clerk of court is to insure that petitioner's obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 25th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge